

Search for Cases by:   Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff MOLLIEGMOHAN

**2022-CC09714 - WILLIAM CATALANO V AMEREN SERVICES COMPANY (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries:  ● Descending  ○ Ascending

Display Options:  All Entries

---

**10/02/2020**  ☐ **Notice of Service**
20-SMCC-13784; Electronic Filing Certificate of Service.

☐ **Notice of Service**
20-SMCC-13784; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 20-SMCC-13784; Served To - AMEREN SERVICES COMPANY; Server - ; Served Date - 01-OCT-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - RECEIVED BY A BRANDON/ INTAKE SPECIALIST

**09/15/2020**  ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13784, for AMEREN SERVICES COMPANY.

☐ **Jury Trial Scheduled**
Scheduled For: 02/08/2021;  9:00 AM ;  REX M BURLISON;  City of St. Louis

**08/27/2020**  ☐ **Filing Info Sheet eFiling**
Filed By: JOHN CLAYTON SCHAEFFER

☐ **Pet Filed in Circuit Ct**
Petition for Damages; Exhibit 1; Exhibit 2.
Filed By: JOHN CLAYTON SCHAEFFER
On Behalf Of: WILLIAM CATALANO

☐ **Judge Assigned**

---

Case.net Version 5.14.9          Return to Top of Page          Released 10/19/2020

**2022-CC09714**

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

**IN THE CIRCUIT COURT OF ST.LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| **WILLIAM CATALANO,** | ) |
| | ) |
| **Plaintiff,** | ) **Cause No.** |
| | ) |
| **v.** | ) **Division No.** |
| | ) |
| **AMEREN SERVICES COMPANY** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Serve at:** | ) |
| **C T Corporation systems** | ) |
| **Registered Agent** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff, William Catalano (hereinafter "***Plaintiff***"), by and through his counsel, for his complaint against Defendant Ameren Services Company (hereinafter "***Defendant***"), respectfully shows the Court and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages to redress the deprivation of rights secured to Plaintiff by the Missouri Human Rights Act (hereinafter "***MHRA***") and the Americans With Disabilities Act of 1990 (hereinafter "***ADA***") 42 U.S.C. §§ 12101 et seq.

2.      The unlawful employment practices described herein were committed within the State of Missouri, in Defendant's offices in St. Louis City, Missouri.

3.      Prior to filing this action, Plaintiff timely filed his written charge asserting disability discrimination and retaliation with the Equal Employment Opportunity Commission (hereinafter "***EEOC***") and Missouri Commission on Human Rights (hereinafter "***MCHR***").

4.      On or about July 14, 2020, the MCHR issued a Right to Sue.  A copy of said Right to

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

Sue is attached hereto and marked as Exhibit "1."  Said Exhibit "1" is incorporated herein as though herein set forth in full.

5.     On or about July 27, 2020, the EEOC issued a Right to Sue.  A copy of said Right to Sue is attached hereto and marked as Exhibit "2."  Said Exhibit "2" is incorporated herein as though herein set forth in full.

6.     In conformance with law, Plaintiff has filed this action prior to the expiration of ninety (90) days from the date of receiving his right to sue letter from the MCHR and within two years after Defendant willfully violated Plaintiff's rights under the MHRA.

7.     In conformance with law, Plaintiff has filed this action prior to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under the ADA.

PARTIES

8.     At all times herein mentioned Plaintiff was a male citizen of the United States and a resident of the County of St. Clair, State of Illinois.

9.     Plaintiff is a person entitled to protection pursuant to the provisions of 213.010(5), or alternatively or conjunctively 42 U.S.C. § 12111(8).

10.    Defendant is a Missouri Corporation who conducts business in the state of Missouri.

11.    Defendant was the "employer" of Plaintiff within the meaning of 213.010(8) at all times relevant to this action.

12.    Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. § 12102(5)(A).

FACTS

13.    Plaintiff restates, realleges and reavers and hereby incorporates by reference any and

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

all allegations of paragraphs 1-12.

14.     At the time of the termination of his employment, Plaintiff was employed by Defendant and placed at the location Optima Graphics, located at 1901 Chouteau Avenue, St. Louis, MO 63103.

15.     At all times relevant herein, Defendant employed more than 500 employees.

16.     At all times relevant herein, Defendant acted through its servants and agents.

17.     Plaintiff was employed as a Manager of Risk Analytics by Defendant from January 8, 2018 to January 1, 2019.

18.     On January 1, 2019, Plaintiff was promoted to Manager of Market Risk and given a raise.

19.     Plaintiff worked as Manager of Market Risk from January 1, 2019 until his termination on January 31, 2019.

20.     Plaintiff's employment with Defendant has been continuous.

21.     Plaintiff has been diagnosed with having major depressive disorder.

22.     At the time of his termination, Plaintiff's ending rate of pay was $111,000 per year.

23.     During his employment with the Defendant, Plaintiff had received medical, dental, vision, and life insurance benefits through the Defendant.

24.     During his employment with the Defendant, Plaintiff was entitled to an annual management bonus.

25.     Plaintiff informed his supervisor, Jaime Haro (hereinafter "***Haro***"), that he had a disability of major depressive disorder.

26.     During parts of July and August of 2018, Plaintiff took a leave of absence due to his disability.

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

27.     In August of 2018, after completing mandatory supplemental counseling and interviews with physicians selected by Defendant, Plaintiff returned to work.

28.     During Plaintiff's end of year performance review, Plaintiff received a notice that his overall performance was deemed inconsistent.

29.     During Plaintiff's end of year performance review, Haro informed Plaintiff that he would have met all of his performance goals if he had not taken the medical leave of absence in part of July and August.

30.     On January 1, 2019, Plaintiff's vacation and sick leave reset, pursuant to the company policy.

31.     Between January 1, 2019 and January 22, 2019, Plaintiff took a few sick days due to his depression.

32.     On January 22, 2019, Plaintiff met with Haro who asked Plaintiff about his illness, to which Plaintiff responded that he continued to suffer from depression and that he was under a doctor's care.

33.     During the January 22, 2019 meeting with Haro, Haro became angry and unapologetic upon learning of Plaintiff's diagnosis of depression.

34.     After leaving the January 22, 2019 meeting, Plaintiff returned to Haro's office and asked Haro if Haro's responses would be similar if Plaintiff was sick due with a different illness such as influenza.

35.     On January 22, 2019, Plaintiff requested for Haro accommodate to accommodate him like Defendant accommodated other employees.

36.     On January 23, 2019, Plaintiff emailed Haro an article regarding depression.

37.     On January 23, 2019, Plaintiff received an email from Melissa Haywood (hereinafter

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

"*Haywood*") from human resources to schedule a meeting for January 25, 2019.

38.     On January 25, 2019, Plaintiff met with Haywood, who asked him why he used vacation on January 3, 2019 and January 4, 2019.

39.     Plaintiff informed Haywood that he took sick days on January 3 and 4, 2019 due to his disability and that he did not work on those days.

40.     Haywood also inquired about Plaintiff's time from approximately three months prior;

41.     Regarding that line of questioning, Plaintiff informed Haywood that he flexed his time the same way that his peer managers, specifically Dana Beane, often did.  This was permitted by Defendant.

42.     On January 27, 2019, Plaintiff sent an email to Marty Lyons (President of Ameren Services) and Warner Baxter (CEO of Ameren) to commend his supervisor Jaime Haro on his generally intelligent and caring approach to management and to inform Lyons and Baxter of the prevalence of depression and mental illness in society and the workplace.

43.     On January 28, 2019, the police detained Plaintiff at his home because of alleged suicide concerns called in by Defendant over the email sent on January 27, 2019.

44.     On that same day, Plaintiff was put on a leave of absence.

45.     The police returned to Plaintiff's home again on January 29, 2019 at the direction of Defendant.

46.     On that same day, Plaintiff emailed Haywood requesting clarification on the leave of absence.

47.     On January 31, 2019, I received a phone call from Jaime Haro and Melissa Haywood to inform me that my employment was being terminated.

## STATEMENT OF CLAIMS

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

COUNT ONE: DEFENDANT VIOLATED THE MISSOURI HUMAN RIGHTS ACT

48.    Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "47," inclusive, herein.

49.    Plaintiff's disability or being perceived as having a disability were a motivating factor in the suspension and termination of Catalano's employment.

50.    Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it would be to any person in the same circumstances and she claims and seeks damages for that injury in any sum the jury finds to be reasonable and appropriate.

51.    The conduct of Defendants in discharging Plaintiff was willful, wanton, and malicious.  It was motivated by hatred, spite or ill will towards Plaintiff, and it was undertaken in conscious reckless disregard for his rights and the rights and interests of the public that the statutes and regulations herein were designed to protect.  Defendants knew and anticipated, or should have known and anticipated, that discharging Plaintiff under these circumstances would cause the emotional and psychological injuries described.

52.    510.265 RSMo violates, Article II, § I of the Missouri Constitution which governs the distribution of powers among the three branches of government and provides that "no person or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others. . . ." The limitations on punitive damages established by the legislature through 510.065 RSMo violates the separation of powers because it is the function of the judiciary, not the legislature, to remit verdicts and judgments.

53.    Furthermore, 510.265 RSMo also violates Article III, § 40 of the Missouri Constitution which prohibits the enactment of local or special laws. 510.265 R.S.Mo imposes a

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

limit on punitive damages in all actions except those in which the state is a plaintiff or where the defendant pleads guilty to or is convicted of a felony arising out of the acts or omissions at issue. This classification is a special law as there is no rational basis for the classification. The statutory limit on punitive damages does not apply to all plaintiffs in tort actions who are injured as a result of wanton and willful conduct on the part of a defendant as it makes exception for certain Plaintiffs for which there is no rational basis for distinction.

54.      As a consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional and psychological distress, anxiety, stress, embarrassment, humiliation, pain and suffering.   Defendants knew or should have known and reasonably anticipated, that discharging Plaintiff under the circumstances heretofore described would cause the emotional and psychological injuries aforesaid.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.      For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.      For a money judgment representing punitive damages for Defendant's willful violations of law;

C.      For a money judgment representing prejudgment interest, if applicable;

D.      That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.      For lost monies and damages pertaining to out-of-pocket expenses;

F.      For reasonable attorneys' fees; and expenses

COUNT TWO: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT,
AS AMENDED, 42 U.S.C. §§12101 et seq.

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

55.     Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "55," inclusive, herein.

56.     Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of his disability or disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.     For a money judgment representing punitive damages for Defendant's willful violations of law;

C.     For a money judgment representing prejudgment interest, if applicable;

D.     That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.     For lost monies and damages pertaining to out-of-pocket expenses;

F.     For reasonable attorneys' fees; and expenses

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:    */s/ J. Clayton Schaeffer*
        J. Clayton Schaeffer, #67444
        Michelle K. Faron, #68058
        Attorneys for Plaintiff
        12166 Old Big Bend Rd., Suite 99
        Kirkwood, MO 63122
        (636) 532-1400 Office
        (888) 823-1441 Facsimile
        clay@mcmcihael-logan.com
        michelle@mcmichael-logan.com

2022-CC09714

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

William Catalano
25 Brandonwood Drive
O Fallon, IL 62269
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   William Catalano vs. AMEREN
       E-07/19-51247  28E-2019-01334C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                         July 14, 2020
Executive Director                          Date

C:    additional contacts listed on next page

☒         ☐         ☐         ☐         ☐

| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
|---|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:     William Catalano vs. AMEREN
E-07/19-51247  28E-2019-01334C

Melissa N. Haywood, HR Client Consultant
AMEREN SERVICES
1901 Chouteau Avenue
P.O. Box 66149, Mc 1210
Saint Louis, MO 63166
*Via Email*

J. Clayton Schaeffer
ATTORNEY AT LAW
12166 Old Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

**2022-CC09714**

Electronically Filed - City of St. Louis - August 27, 2020 - 08:23 PM

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **William Catalano**
 **25 Brandonwood Drive**
 **O Fallon, IL 62269**

From:  **St. Louis District Office**
 **1222 Spruce Street**
 **Room 8.100**
 **Saint Louis, MO 63103**

| | |
|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **28E-2019-01334** | **Joseph J. Wilson,** **State & Local Program Manager** | **(314) 539-7816** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Lloyd J. Vasquez, Jr.,**
**District Director**

July 27, 2020

*(Date Mailed)*

Enclosures(s)

cc:  **Melissa N. Haywood**
 **HR Client Consultant**
 **AMEREN SERVICES**
 **1901 Chouteau**
 **P.O. Box 66149, Mc 1210**
 **Saint Louis, MO 63103**

 **J. Clayton Schaeffer**
 **McMichael, Logan & Schaeffer**
 **12166 Old Big Bend Road, Suite 99**
 **Kirkwood, MO 63122**



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09714 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>WILLIAM CATALANO | Plaintiff's/Petitioner's Attorney/Address<br>JOHN CLAYTON SCHAEFFER<br>12166 OLD BIG BEND ROAD<br>SUITE 99<br>KIRKWOOD, MO  63122 | Special Process Server 2<br><br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br> AMEREN SERVICES COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  AMEREN SERVICES COMPANY
                                                     Alias:

C T CORPORATION SYSTEMS
REGISTER AGENT
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**September 15, 2020**                          *Thomas Kloeppinger*

_____                    _____
            Date                                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
        Printed Name of Sheriff or Server                                          Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                              Subscribed and sworn to before me on _____ (date).

                                          My commission expires: _____           _____
                                                                                        Date                                                      Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - October 02, 2020 - 11:25 AM

Return
SB 10/15

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | **Case Number:** 2022-CC09714 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>WILLIAM CATALANO | Plaintiff's/Petitioner's Attorney/Address<br>JOHN CLAYTON SCHAEFFER<br>12166 OLD BIG BEND ROAD<br>SUITE 99<br>KIRKWOOD, MO 63122 | Special Process Server 2<br>67444<br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br>AMEREN SERVICES COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  AMEREN SERVICES COMPANY
Alias: 30 CTCorp W

C T CORPORATION SYSTEMS
REGISTER AGENT
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**September 15, 2020**

_____        *Thomas Kloeppinger*
          Date                                    Clerk

Further Information:
_____

SEP 18 2020

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) INTAKE SPECIALIST _____ (title).
☑ other:  LCW – A. BRANDON
Served at  CT CORPORATION  _____ (address)
in  St. Louis County  (County/City of St. Louis), MO, on  OCT 0 1 2020  (date) at  9 AM  (time).

*Tom Deakin*
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

ST LOUIS COUNTY SHERIFF'S OFFICE RECEIVED SEP 18 PM 34

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                              Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

9/29/00

20-SMCC-8983

OSCA (06-19) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-13784          1 of 1

Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - City of St. Louis - October 02, 2020 - 11:25 AM

INTAKE SPECIALIST

OCT 0 1 2020

LCW – A. BRANDON
CT CORPORATION
St. Louis County

Electronically Filed - City of St. Louis - October 02, 2020 - 11:55 AM

*Return*
*SB 10/15*

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | **Case Number: 2022-CC09714** | Special Process Server 1 |
| Plaintiff/Petitioner:<br>WILLIAM CATALANO | Plaintiff's/Petitioner's Attorney/Address<br>JOHN CLAYTON SCHAEFFER<br>12166 OLD BIG BEND ROAD<br>SUITE 99<br>KIRKWOOD, MO 63122 | Special Process Server 2<br><br>*6744*<br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br>AMEREN SERVICES COMPANY<br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  AMEREN SERVICES COMPANY
                                        Alias: *30 CTCORP*

C T CORPORATION SYSTEMS
REGISTER AGENT
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

(Court Seal)

*CIRCUIT COURT OF MISSOURI*
*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 15, 2020**

_____          *Thomas Kloeppinger*
            Date                                                    Clerk

Further Information:
_____

SEP 18 2020

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____ , a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
**LCW – A. BRANDON** _____ (name) _____ **INTAKE SPECIALIST** _____ (title).
☑ other:
_____
**CT CORPORATION** _____ (address)

Served at **St. Louis County** (County/City of St. Louis), MO, on **OCT 0 1 2020** (date) at **9 AM** (time).

*Tom Deakin* _____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*20-SMCC-8983*

9/29/20

Electronically Filed - City of St. Louis - October 02, 2020 - 11:55 AM

INTAKE SPECIALIST

OCT 0 1 2020

LCW – A. BRANDON
CT CORPORATION
St. Louis County

20-SACC-5953